UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-3300-D

| | |
|---|---|
| **Grant Ruffin Haze, III**, <br><br> Plaintiff, <br><br> v. <br><br> **Medical Provider**, et al., <br><br> Defendants. | **Defendant Sullivan's Answer** |

Defendant Wendy Sullivan responds to Plaintiff's Complaint in turn. Any allegations made in plaintiff's Complaint or attachments, except as specifically admitted below, are denied.

## I. Complaint

Answering Plaintiff's Section I, "Complaint," Defendant Sullivant admits that Plaintiff purports to state a claim under 42 U.S.C. § 1983. However, Defendant Sullivant denies that this Complaint alleges facts sufficient to support a claim for relief under 42 U.S.C. § 1983.

## II. Plaintiff Information

Answering Section II, "Plaintiff Information," Defendant Sullivan admits that, at the time of the filing of the Complaint, Plaintiff was incarcerated at Eastern Correctional Institution, located in Maury, NC.

## III. Prisoner Status

Answering Section III, "Prisoner Status," Defendant Sullivan admits that Plaintiff is currently a convicted and sentenced state prisoner.

1

### IV. Defendant(s) Information

Answering Section IV, "Defendant(s) Information," Defendant Sullivan admits that, at the time of the alleged incidents, Defendant was employed at Harnett Correctional Institution. Defendant Sullivan further admits that Plaintiff purports to sue Defendant Sullivan in her individual and official capacities.[1]

### V. Statement of Claim

Answering Section V, "Statement of Claim," Defendant Sullivan responds to Plaintiff's individually numbered paragraphs as follows:

1. Admitted that John Godfrey was the warden at Harnett Correctional Institution during the relevant time of Plaintiff's allegations, but Defendant Sullivan denies that John Godrey was the "highest ranking official."

2. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

3. Defendant Sullivan admits that Plaintiff's medical records indicate that he visited a medical provider on October 19, 2020. Defendant Sullivan lacks sufficient information and knowledge to admit or deny any other allegations in this paragraph and therefore denies them.

4. Defendant Sullivan admits that Plaintiff's medical records reflect that he requested hemorrhoid wipes during his medical visit on October 19, 2020. Defendant Sullivan lacks sufficient information and knowledge to admit or deny any other allegations in this paragraph and therefore denies them.

5. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

6. Defendant Sullivan lacks sufficient information and knowledge to admit or

---

[1] This Court has already dismissed claims against Defendants Godfrey and Pike. The action continues as against Defendant Sullivan, Defendant Thomas, a John Doe medical provider at Harnett Correctional Institution, and three Jane Doe nurses at Harnett Correctional Institution. As of the filing of this Answer, the undersigned counsel does not believe that Defendant Thomas, Defendant John Doe medical provider, and Defendants Jane Doe nurses have been properly served.

deny the allegations in this paragraph and therefore denies them.

7. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

8. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, such allegations are denied.

9. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, such allegations are denied.

10. Admitted that Plaintiff submitted a sick call on November 9, 2020, and said document speaks for itself.

11. Admitted that the response to the Inmate Request form states, "You were only scheduled for chart review and not to be seen by unit provider and be renewed medications." Otherwise, denied.

12. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

13. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

14. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, such allegations are denied.

15. Admitted that Plaintiff submitted an information request form on November 18, 2020, and said document speaks for itself.

16. Admitted that Nurse Thomas responded to Plaintiff's inmate request form on November 20, 2020, and said document speaks for itself.

17. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

18. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

19. Admitted that Plaintiff submitted an inmate request form on December

5, 2020, and said document speaks for itself.

20. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

21. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

22. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

23. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

24. Admitted that Plaintiff submitted a sick call appointment request form on January 28, 2021, indicated that he requested "stool soft[e]ner." Any remaining factual allegations are denied.

25. Admitted that Plaintiff was seen by a medical provider on February 3, 2021, that he admitted to purchasing laxatives from other inmates, and that he requested laxatives for himself. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the other allegations in this paragraph and therefore denies them.

26. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

27. Admitted that Plaintiff submitted an Inmate Request form on February 18, 2021, where he mentions his medical visit on October 19, 2020, and admits to buying medication from other inmates. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

28. Denied.

29. Denied.

30. Admitted that Defendant Sullivan had access to certain medical records

of Plaintiff. Admitted that Plaintiff submitted an inmate request form on February 18, 2021, and said document speaks for itself.

31. Admitted that Defendant Sullivan works with medical records and that Defendant Sullivan wrote "We have a long wait list" on Plaintiff's Inmate Request form, along with additional information. Otherwise, denied.

32. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

33. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

34. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

35. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

36. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

37. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

38. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

39. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

40. Admitted that Plaintiff's Exhibit 8 appears to be a letter from Associate Warden Marshall Pike.

41. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

42. Denied.

43. Defendant Sullivan lacks sufficient information and knowledge to admit

or deny the allegations in this paragraph and therefore denies them.

44. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

45. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

46. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

47. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

48. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

49. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

50. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

51. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

52. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

53. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

54. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, such allegations are denied.

55. The allegations in this paragraph are medical conclusions to which no response is required. To the extent a response is required, such allegations are denied.

56. Defendant Sullivan lacks sufficient information and knowledge to admit

or deny the allegations in this paragraph and therefore denies them.

57. Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

58. Admitted that Plaintiff's records indicate that he submitted a grievance on May 18, 2021. Otherwise, denied.

59. Admitted that Plaintiff's Exhibit 10 feature grievance responses.

60. Plaintiff incorporates language from an attachment (an administrative grievance) in the sixtieth paragraph to his Statement of Claim section. This language includes allegations against another prison employee, a quote from a congressman, a claim alleging inhumane conditions, a statement of adherence to the federal Prisoner Litigation Reform Act, and a statement rejecting any grievance against Defendant Sullivan. Defendant Sullivan responds to these allegations in-turn as numbered in the referenced grievance:

    a. (24) Defendant Sullivan lacks sufficient information and knowledge to admit or deny the allegations in this paragraph and therefore denies them.

    b. (25) Admitted upon information and belief that Representative John Lewis stated, "When you see something that is not right, not fair, not just, you have to speak up. You have to say something; you have to do something." Otherwise, denied.

    c. (26) Denied.

    d. (27) The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, such allegations are denied.

    e. (28) Admitted that Plaintiff does not allege grievances with his disciplinary action as a result of Defendant Sullivan's actions. Otherwise, denied.

### VI. Administrative Procedures

Answering Section VI, "Administrative Procedures," there are no allegations directed to Defendant, and no response is required. To the extent a response is required, it is admitted that Plaintiff has submitted numerous grievances pursuant to the Administrative Remedy Procedure during the duration of his incarceration. It is further admitted that said grievances speak for themselves as to their content and the dates submitted. Section VI is specifically denied to the extent that it asserts or implies that Plaintiff has exhausted administrative remedies as required by law in connection with the claims asserted in this action against Defendant.

### VII. Relief

Answering Section VII, "Relief," denied, including to the extent that injunctive relief or compensatory, declaratory, or punitive damages can be construed to be sought by against Defendant Sullivan. It is further denied that Plaintiff has asserted any facts sufficient to state a claim against Defendant.

### VIII. Prisoner's Litigation History

Answering Section VIII, "Prisoner's Litigation History," Defendant Sullivant admits that Plaintiff has filed at least two other lawsuits.

### IX. Plaintiff's Declaration and Warning

Answering Section IX, "Plaintiff's Declaration and Warning," Defendant Sullivan admits that Plaintiff purports to bring a lawful action against Defendant Sullivan.

# DEFENSES

Defendant additionally pleads the following defenses:

### 1st Defense
*Qualified Immunity*

Qualified immunity shields Defendant in her individual capacity from Plaintiff's claims against her for monetary damages, if any, as Defendant did not violate any

clearly established constitutional rights of which a reasonable person would have known.

### 2nd Defense
*Proximate Cause*

No act or failure to act by Defendant was a proximate cause of the injuries or damages, if any, complained of by Plaintiff.

### 3rd Defense
*Punitive Damages*

Plaintiff's Complaint fails to allege sufficient facts to state a claim for punitive damages against Defendant, and Defendant pleads such failure in bar of any claim against her for punitive damages. Specifically, Plaintiff's Complaint fails to allege specific facts sufficient to make out the level of intentional or reckless disregard of injury, or evil motive or intent, by Defendant required to support a claim for punitive damages.

### 4th Defense
*No Violation of Rights*

Defendant denies that she deprived Plaintiff of or violated any right under the Constitution of the United States or other federal law.

### 5th Defense
*Failure to State a Claim*

Plaintiff fails to state a claim upon which relief can be granted against Defendant, and in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant pleads this failure in bar of Plaintiff's claims against her.

### 6th Defense
*Failure to Mitigate*

To the extent that any injuries or damages did arise out of the facts alleged by Plaintiff, such injuries or damages arose out of Plaintiff's own actions or omissions, and Plaintiff thus failed to mitigate his own damages. Defendant pleads such failure as a

bar to damages or requiring a reduction of Plaintiff's alleged damages.

## 7th Defense
*Contributory Negligence*

Plaintiff had a duty to exercise reasonable care for his own safety and well-being. As a direct and proximate result of his own contributory negligence, Plaintiff contributed in whole or in part to the injury of which Plaintiff now complains, and Defendant pleads the contributory negligence of Plaintiff in bar of Plaintiff's claims.

## 8th Defense
*Intervening or Superseding Negligence*

If the jury should find that any other person or entity breached any duty of reasonable care applicable to Plaintiff as referenced in the Complaint, and that such breach was a proximate cause of injury to Plaintiff and thereby interrupted the causal relationship between any alleged—but denied—intentional acts or deliberate indifference of Defendant with respect to the alleged injury to Plaintiff, Defendant pleads such intervening and superseding negligence or deliberate indifference as a complete bar against recovery by Plaintiff from Defendant.

## 9th Defense
*Good Faith*

Defendant affirmatively asserts that she engaged in good faith efforts to comply with the law.

# PRAYER

Defendant prays the Court as follows:

1. That the Complaint be dismissed with prejudice;
2. That Plaintiff have and recover nothing from Defendant in this action;
3. That costs of this action, including reasonable attorney's fees, be taxed to Plaintiff;
4. For a trial by jury of all triable issues; and
5. For such other and further relief as the Court deems just and proper.

This 2nd day of October 2024.

>JOSHUA H. STEIN
>Attorney General
>
>/s/ *Tanner J. Ray*
>Tanner J. Ray (N.C. Bar No. 59422)
>Assistant Attorney General
>N.C. Department of Justice
>Public Safety Section
>P.O. Box 629
>Raleigh, NC 27699
>Phone: 919-716-6540
>Fax: 919-716-6761
>tjray@ncdoj.gov

## CERTIFICATE OF SERVICE

I certify that, on this day, I electronically filed this Answer with the Clerk of the Court utilizing the CM/ECF system and served the same upon Plaintiff, a non-CM/ECF participant, via regular United States Mail addressed as follows:

>Grant Hayes
>OPUS No. 1113277
>Eastern Correctional Institution
>PO Box 215
>Maury, NC 28554
>*Pro se plaintiff*

This 2nd day of October 2024.

>/s/ *Tanner J. Ray*
>Tanner J. Ray
>Assistant Attorney General